DANIEL G. BOGDEN
United States Attorney
CRISTINA SILVA
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087
E-mail: Cristina.Silva@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  2:11-CV-0016-RLH (RJJ)<br>) |
| $100,000.00 IN UNITED STATES CURRENCY, | )<br>) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO TONG SHEN AND WEI-YU LAI, AND ORDER**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Cristina Silva, Assistant United States Attorney, and Tong Shen and Wei-Yu Lai, and their counsel, David Z. Chesnoff, Law Office of Chesnoff and Schonfeld, stipulate as follows:

1. This case is a civil forfeiture action seeking to forfeit $100,000.00 in United States Currency ("Property") under 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 981(a)(1)(C), and 31 U.S.C. § 5317(c)(2).

2. The property is forfeited to the United States of America.

3. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

. . .

4. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to abandon or to forfeit the property to the United States.

5. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to relinquish all right, title, and interest in the property.

6. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive their rights to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

7. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

8. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive any further notice to them, their agents, or their attorney regarding the abandonment or the forfeiture and disposition of the property.

9. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the property.

11. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, Fed. R. Civ. P. Supp. Rule A, E, and G, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

12. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive their right to a jury trial on the forfeiture of the property.

13. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy

defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

14. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to the entry of a Judgment of Forfeiture of the property to the United States.

15. Tong Shen and Wei-Yu Lai understand that the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Tong Shen and Wei-Yu Lai in addition to the abandonment or the forfeiture.

16. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture, and Order ("Settlement Agreement").

17. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Internal Revenue Service, their agencies, their agents, and their employees from any claim made by Tong Shen and Wei-Yu Lai, or any third party arising out of the facts and circumstances of this case.

18. Tong Shen and Wei-Yu Lai knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Tong Shen and Wei-Yu Lai now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, the United States knowingly and voluntarily agrees to release to Tong Shen and Wei-Yu Lai the sum of $41,044.50 less any debt owed to the United States, any agency of the United States, or any debt which the United States is authorized to collect, to Tong Shen and Wei-Yu Lai through their attorney, David Chesnoff, at Law Office of Chesnoff & Schonfeld, 520 South Fourth Street, Las Vegas, Nevada 89101. Tong Shen and Wei-Yu Lai knowingly and voluntarily agree to fill out the ACH form and submit it to the United States Attorney's Office so the payment of the $41,044.50 is by electronic fund transfer.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear their own attorneys' fees, expenses, costs, and interest.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $100,000.00 in United States Currency.

DATED: 2/4/11

LAW OFFICE OF CHESNOFF & SCHONFELD

_____
DAVID Z. CHESNOFF
Counsel for Tong Shen and Wei-Yu Lai

DATED: 2/9/2011

_____
TONG SHEN

DATED: 2/9/2011

_____
WEI-YU LAI

DATED: 2/11/11

DANIEL G. BOGDEN
United States Attorney

_____
CRISTINA SILVA
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: February 15, 2011

5